IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **STRATEGIC LEARNING, INC.,** | : | CIVIL ACTION NO. 1:05-CV-0467 |
| Plaintiff | : | (Judge Conner) |
| v. | : | |
| **THOMAS WENTZ and CORPORATE PERFORMANCE SYSTEMS,** | : | |
| Defendants | : | |

## ORDER

AND NOW, this 24th day of October, 2006, upon consideration of plaintiff's motion for partial summary judgment (Doc. 24), requesting that the court enter judgment in plaintiff's favor on defendants' copyright infringement counterclaim, and of defendants' motion (Doc. 26) to strike plaintiff's motion for partial summary judgment (Doc. 24), and it appearing that plaintiff's motion for partial summary judgment is based solely on defendants' failure to attach the copyright registration number or certificate of registration to the counterclaim (see Doc. 24), and that defendants have provided the copyright registration number (see Doc. 36 at 2) and certificate of registration (see Doc. 35, Ex. A) in response to plaintiff's motion, and the court finding that copyright registration is a condition precedent to instituting a copyright claim,[1] see 17 U.S.C. § 411(a), but that appending the certificate of

---

[1] This requirement has been satisfied in the instant case. Defendants' copyright was registered nearly five years before the filing of the instant counterclaim. (Compare Doc. 35, Ex. A, with Doc. 4.)

registration or copyright registration number to the claim itself is not required,[2] it is hereby ORDERED that:

1. Plaintiff's motion for partial summary judgment (Doc. 24) is DENIED.

2. Defendants' motion to strike (Doc. 26) is DENIED as moot.

    S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge

---

[2] Defendant's counterclaim alleges registration with the Copyright Office. (See Doc. 4 ¶ 37); Key Consol. 2000, Inc. v. Troost, 432 F. Supp. 2d 484, 488 (M.D. Pa. 2006) (requiring only an allegation of copyright registration to survive a motion to dismiss). Plaintiff has cited no authority to support the proposition that the certificate of registration or registration number must be attached to the counterclaim, and the court finds none. Accord Adams v. Jackson, 281 F. Supp. 2d 1006, 1011-12 (N.D. Ind. 2002).